UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK KALKMAN,

    Plaintiff,                                        Hon. Robert Holmes Bell

v.                                                                 Case No. 1:10-CV-1058

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act. (Dkt. #14). Plaintiff seeks $5,680.25 in fees and costs, as detailed in his application. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted in part and denied in part**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision is found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984).

On February 21, 2012, the undersigned recommended that the Commissioner's decision be reversed and this matter be remanded for further factual findings. Defendant did not object to this recommendation which was subsequently adopted by the Honorable Robert Holmes Bell. Plaintiff now moves the Court for an award of attorney's fees pursuant to the EAJA. While Defendant does not oppose the granting of attorney fees in this matter, he does challenge the amount requested. Specifically, Defendant challenges the number of hours for which counsel seeks payment as well as the hourly rate at which counsel seeks to be compensated.

In his application, Plaintiff seeks an award of $5,680.25. Specifically, Plaintiff seeks to recover $5,492.75 for work performed by his attorneys (31.75 hours multiplied by an hourly rate of $173.00). Plaintiff also seeks to recover $187.50 for work performed by a legal assistant (2.5 hours multiplied by an hourly rate of $75.00). Two different attorneys and one paralegal worked on this matter. From Plaintiff's submissions it appears that attorney Frederick Bleakley managed this matter while attorney John Braden prepared many of substantive Plaintiff's pleadings. Paralegal Mary Kozicki also assisted with what appear to be administrative matters. Attorney Braden asserts that he spent 14.5

hours preparing Plaintiff's brief in support of appeal as well as the present motion for EAJA fees. Paralegal Kozicki asserts that she expended 2.5 hours on various administrative tasks. Attorney Bleakley asserts that he expended 17.25 hours on this matter. The Court finds the amount of hours expended by these three individuals to be reasonable and appropriate.

The hourly rate claimed by Bleakley and Braden, however, is inappropriate. The relevant statute provides that "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Counsel bears the burden of "producing appropriate evidence to support the requested increase." *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009). Moreover, as the *Bryant* court made clear, counsel does not satisfy his burden in this regard by submitting "only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees." *Id.*

However, in support of their request for an hourly rate in excess of the statutory rate, counsel have done nothing more than argue that increases in the Consumer Price Index justify a higher hourly rate. As the Sixth Circuit has indicated, such is insufficient to establish that "an increase in the cost of living or a special factor. . .justifies a higher fee." The undersigned recommends, therefore, that payment for counsels' services be based upon an hourly rate of $125. Plaintiff is also entitled to recover the reasonable cost for legal assistant or paralegal services. *See, e.g., Priestley v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011); *Richlin Security Service Co. v. Chertoff*, 553 U.S. 571, 581 (2008). The Court finds that recovery of such expenses at the rate of $75.00 per hour is reasonable. Accordingly, the undersigned recommends that EAJA fees and costs be awarded in the amount of $4,156.25 ($125 multiplied by 31.75 hours plus $75 multiplied by 2.5 hours). However, in light of the Supreme Court's decision in *Astrue*

*v. Ratliff*, 130 S.Ct. 2521 (2010), the undersigned further recommends that this amount be paid to Plaintiff not his attorney.

In *Astrue*, a Social Security claimant prevailed on her claim for benefits after which her attorney moved for an award of fees under the EAJA. *Id.* at 2524. The fee request was granted, but before the award was paid the United States discovered that the claimant "owed the Government a debt that predated the District Court's approval of the award." The United States, therefore, sought an administrative offset (expressly permitted by statute) against the fees award to satisfy part of the claimant's debt. *Id.* The claimant's attorney subsequently intervened in the matter opposing the Government's position. *Id.* at 2525. The district court found that counsel lacked standing to challenge the offset. The Eighth Circuit reversed, concluding that the fee award was payable to the claimant's attorney. The Supreme Court agreed to review the case to resolve a circuit split on the question. *Id.*

The Supreme Court, based on a straightforward interpretation of the relevant statutory text, concluded that the EAJA "awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Id.* at 2525-27. The Court concluded that the "Government's history of paying EAJA awards directly to attorneys in certain cases does not compel a different conclusion." *Id.* at 2528. Thus, an award of fees under the EAJA must be paid to Plaintiff - not his counsel.

Accordingly, the undersigned recommends that Plaintiff's motion for fees and costs pursuant to the EAJA be **granted in part and denied in part** as detailed herein and, furthermore, that such fees be paid directly to Plaintiff.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's motion for fees and costs pursuant to the EAJA be **granted in part and denied in part**. Specifically, the undersigned recommends that Plaintiff be awarded four-thousand one-hundred fifty-six dollars and twenty-five cents ($4,156.25) in fees and costs and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Date: August 6, 2012                               /s/ Ellen S. Carmody
                                                                ELLEN S. CARMODY
                                                                United States Magistrate Judge